

# Service of Process Transmittal
03/15/2021
CT Log Number 539206698

**TO:** Ken Murata
Samsung Electronics America, Inc.
85 Challenger Rd Fl 7
Ridgefield Park, NJ 07660-2118

**RE:** Process Served in Texas

**FOR:** Samsung Electronics America, Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALFREDO TREJO TREJO, Pltf. vs. SAMSUNG ELECTRONICS AMERICA INC, etc., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 202109314 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/15/2021 at 12:17 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780137914143 |
| | Image SOP |
| | Email Notification,  Ken Murata  ken.murata@sea.samsung.com |
| | Email Notification,  Christopher Low  clow@sea.samsung.com |
| | Email Notification,  Gabriel Ramos  g.ramos@partner.sea.samsung.com |
| | Email Notification,  Alessandra Schneider  alessandra.s@sea.samsung.com |
| | Email Notification,  Richard Rosalez  r.rosalez@SEA.samsung.com |
| | Email Notification,  Michael Sharples  m.sharples@sea.samsung.com |
| | Email Notification,  Jordan Flournoy  j.flournoy@sea.samsung.com |
| | Email Notification,  Jae Cha  jw915.cha@sea.samsung.com |
| | Email Notification,  Gary Tulp  gary.tulp@sea.samsung.com |
| | Email Notification,  Rachel S Harris  r.harris@sea.samsung.com |

**EXHIBIT A**



**Service of Process Transmittal**
03/15/2021
CT Log Number 539206698

| | |
|---|---|
| **TO:** | Ken Murata<br>Samsung Electronics America, Inc.<br>85 Challenger Rd Fl 7<br>Ridgefield Park, NJ 07660-2118 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Samsung Electronics America, Inc.  (Domestic State: NY) |

Email Notification,  Brittany Mcelmury  b.mcelmury@sea.samsung.com

| | |
|---|---|
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / SK

EXHIBIT A



## PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Mar 15, 2021

**Server Name:** Mitchell Draeger

| | |
|---|---|
| Entity Served | SAMSUNG ELECTRONICS AMERICA, INC. |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 2021-09314 |
| Jurisdiction | TX |



EXHIBIT A

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202109314

RECEIPT NO: 926856 TRACKING NO: 73841417 EML

| Plaintiff:<br>TREJO TREJO, ALFREDO<br>vs.<br>Defendant:<br>SAMSUNG ELECTRONICS AMERICA INC | In The 281st<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |
|---|---|

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To:   SAMSUNG ELECTRONICS AMERICA INC (A FOREIGN CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT C T CORPORATION SYSTEM
1999 BRYAN ST STE 900, DALLAS TX 75201

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on February 12, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on February 15, 2021, under my hand and seal of said court.



Issued at the request of:

BARTHOLET, DOMINIQUE BOUSSAC
1177 WEST LOOP SOUTH SUITE 1400
HOUSTON, TX  77027
713-961-7777
Bar Number: 24034335

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: ADILIANI SOLIS

### EXHIBIT A

2021-09314 / Court: 281

2/12/2021 5:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50G40057
By: Adiliani Solis
Filed: 2/12/2021 5:30 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ALFREDO TREJO TREJO<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG SDS AMERICA, INC.,<br>SAMSUNG SDS GLOBAL SCL AMERICA, INC.,<br>SAMSUNG SDI CO, LTD,<br>SARITEK TECHNICAL SOLUTIONS D/B/A<br>ALPATRONIX AND JOHN/JANE DOE<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ALFREDO TREJO TREJO, complaining of Defendants, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS AMERICA, INC., SAMSUNG SDS GLOBAL SCL AMERICA, INC., SAMSUNG SDI CO, LTD (herein "SAMSUNG" DEFENDANTS), SARITEK TECHNICAL SOLUTIONS D/B/A ALPATRONIX AND JOHN/JANE DOE (herein "ALPATRONIX" DEFENDANTS) for their cause of action would show as follows:

I.
### DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rule of Civil Procedure 190.3.

EXHIBIT A

## II.
## PARTIES

2. Plaintiff, ALFREDO TREJO TREJO, is an individual and resident of Harris County, Texas.

3. Defendant, SAMSUNG ELECTRONICS AMERICA, INC., is a foreign corporation doing business in the State of Texas for the purpose of accumulating monetary profits and may be served with citation through its registered agent, C.T. Corporation System, 1999 Bryan St., 900, Dallas, Texas 75201.

4. Defendant, SAMSUNG SDS AMERICA, INC., is a foreign corporation doing business in the State of Texas for the purpose of accumulating monetary profits and may be served with citation through its registered agent, C.T. Corporation System, 1999 Bryan St., 900, Dallas, Texas 75201.

5. Defendant, SAMSUNG SDS GLOBAL SCL AMERICA, INC., is a foreign corporation doing business in the State of Texas for the purpose of accumulating monetary profits and may be served with citation through its registered agent, C.T. Corporation System, 1999 Bryan St., 900, Dallas, Texas 75201.

6. Defendant, SAMSUNG SDI CO, LTD, is a foreign corporation doing business in the State of Texas for the purpose of accumulating monetary profits and may be served with citation through its registered agent, C.T. Corporation System, 1999 Bryan St., 900, Dallas, Texas 75201.

EXHIBIT A

7.       Defendant, SARITEK TECHNICAL SOLUTIONS D/B/A ALPATRONIX, is a foreign company organized and existing under the laws of Illinois whose principal office is located at 829 S. Amber Ln., Anaheim, California 92807-4866, may be served with process by serving doing business in serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as Defendant's agent for service because Defendant has not designated or maintained a resident agent for service of process in Texas.

8.       Defendant, JOHN/JANE DOE, is an unknown employee of SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS AMERICA, INC., SAMSUNG SDS GLOBAL SCL AMERICA, INC., SAMSUNG SDI CO, LTD (herein "SAMSUNG" DEFENDANTS), who sold the faulty mobile device made the basis of this suit in Houston, Texas. This Defendant's identity and whereabouts are currently unknown. Plaintiff files suit against this "John/Jane Doe" defendant for the purpose of preserving the Statute of Limitations against this Defendant and intends to serve said individual with citation and process when his/her identity becomes known.

### III.
### VENUE

9.       Venue is proper in Harris County, Texas, by virtue of Section 15.001, Texas Civil Practice and Remedies Code, because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas.

10.      The Court has jurisdiction over Defendants because Defendants engage in business and /or reside in Harris County, Texas. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Court.

**EXHIBIT A**

## IV.
## BACKGROUND FACTS

11. On or about February 14, 2019, Plaintiff, ALFREDO TREJO TREJO, was charging his Samsung Galaxy S7 mobile device, manufactured and sold by SAMSUNG Defendants using a charger manufactured by Defendant, ALPATRONIX. On said occasion as the device was being charged, the mobile telephone overheated and caught on fire, causing Plaintiff severe and painful injuries, including but not limited to third degree burns in his right leg.

## V.

## CAUSE OF ACTION: STRICT PRODUCT LIABILITY
## (SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS AMERICA, INC., SAMSUNG SDS GLOBAL SCL AMERICA, INC., SAMSUNG SDI CO, LTD and SARITEK TECHNICAL SOLUTIONS D/B/A ALPATRONIX)

12. The Galaxy S7 mobile device was manufactured by Defendants, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS AMERICA, INC., SAMSUNG SDS GLOBAL SCL AMERICA, INC., SAMSUNG SDI CO, LTD and the phone charger was designed, manufactured, inspected, distributed, marketed by SARITEK TECHNICAL SOLUTIONS D/B/A ALPATRONIX to customers in the Houston area to be used with the Galaxy S7 mobile device. At the time of the incident, the mobile device was in the same condition as it was in when originally manufactured, marketed, distributed, and sold by Defendants, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS AMERICA, INC., SAMSUNG SDS GLOBAL SCL AMERICA, INC., SAMSUNG SDI CO, LTD as well as the charger manufactured by SARITEK TECHNICAL SOLUTIONS D/B/A ALPATRONIX. At all times material hereto, as part of its mobile device and charger manufacturing business, was regularly engaged in business in the United States and in Texas by designing, manufacturing, and selling mobile device and chargers with failed equipment which are intended to and do reach ultimate consumers located in Texas, including the subject mobile device and charger. The faulty cell phone and charger in question were designed,

manufactured, and sold by Defendants and they are legally liable for defects under the doctrine of strict liability in tort.

13. The device with the defective equipment in question is identified as a Samsung Galaxy S7 and the phone charger manufactured by Defendants. Plaintiff would show that the defective devices in question were designed, manufactured, and marketed and placed into the stream of commerce by Defendants in a defective condition and were substantially unchanged from the time they were placed into the stream of commerce.

14. Plaintiff would show that the defective devices were unreasonably dangerous as that term is understood in Texas law. Defendants defectively designed, marketed, and manufactured the defective devices, which rendered it unreasonably dangerous for its intended and foreseeable use and which was the producing cause of this incident, the serious injuries sustained by Plaintiff and Plaintiff's resulting damages herein. Defendants are strictly liable for the design and manufacturing defects and the resulting damages to Plaintiff under Texas law, including Tex. Civ. Prac. & Rem. Code § 82.005. The defective design, manufacturing and marketing of the electronic device was a producing cause of this incident and the injuries and resulting damages sustained by Plaintiff.

## VI.
## CAUSE OF ACTION: DESIGN AND MANUFACTURING DEFECT
(SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS AMERICA, INC., SAMSUNG SDS GLOBAL SCL AMERICA, INC., SAMSUNG SDI CO, LTD and SARITEK TECHNICAL SOLUTIONS D/B/A ALPATRONIX)

15. The electronic devices were defective and unreasonably dangerous and unsafe for its intended purpose in that such faulty and were unsafe. The defective nature of the electronic devices was a proximate and producing cause of Plaintiff's enhanced injuries and the resulting damages to Plaintiff.

**EXHIBIT A**

16. As a result of the defective electronic devices, including but not limited to the above identified defects, the defective mobile phone and phone charger overheated, caught on fire, and caused injuries and burns to plaintiff. Comparing the utility versus risk of harm, the mobile phone and phone charger as sold by the Defendants were defective and unreasonably dangerous with regard to design, manufacture and marketing. At the time, the devices in question, Galaxy S7 and phone charger with the defective equipment, were subject to malfunction and failure to properly charge, they were improperly and inadequately tested by Defendants. The unreasonably dangerous nature of the defective electronic devices created a high probability that individuals would experience injuries due to malfunctioning, including faulty batter and overheating such as the occurrence made the basis of this suit. Plaintiff would show that there were safer alternative designs that would have prevented this incident and the serious injuries sustained by Plaintiff, and Plaintiff's resulting damages herein. The defective electronic devices were the producing cause of this incident and the injuries and resulting damages sustained by Plaintiff. Defendants are liable for these design defects and the resulting damages to Plaintiff under Texas law, including Tex. Civ. Prac. & Rem. Code § 82.005.

17. As further support for Plaintiff's manufacturing defect claim, Plaintiff provides notice of the intention to rely upon the Malfunction Doctrine (also known as the Malfunction Theory) as set forth in RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998). In this instance, it may be inferred that the harm sustained by Plaintiff was caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, because the electronic devices that harmed Plaintiff, Plaintiff: (a) was of the kind that ordinarily occurs as a result of a product defect; and (b) was not, in the particular case, solely the result of causes other than the product defect existing at the time of sale or distribution. RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998).

EXHIBIT A

18. Plaintiff would further show that the faulty electronic devices were improperly and inadequately tested by Defendants.

## VII.

### CAUSE OF ACTION: MARKETING DEFECT
### (SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS AMERICA, INC., SAMSUNG SDS GLOBAL SCL AMERICA, INC., SAMSUNG SDI CO, LTD and SARITEK TECHNICAL SOLUTIONS D/B/A ALPATRONIX)

19. Defendants defectively marketed the Galaxy S7 mobile phone and phone charger. Defendants failed to give adequate warnings of the potential defects. This failure to warn and/or give adequate instructions electronic devices unreasonably dangerous as marketed by Defendants. The marketing defects were the producing and proximate cause of this incident, the serious injuries sustained by Plaintiff and Plaintiff's resulting damages. The marketing defect of the electronic devices were a producing cause of this incident and the injuries and resulting damages sustained by Plaintiff.

## VIII.
### CAUSE OF ACTION: NEGLIGENCE
### (SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS AMERICA, INC., SAMSUNG SDS GLOBAL SCL AMERICA, INC., SAMSUNG SDI CO, LTD and SARITEK TECHNICAL SOLUTIONS D/B/A ALPATRONIX)

20. The serious injuries sustained by Plaintiff, and Plaintiff's resulting damages were proximately caused by Defendants, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS AMERICA, INC., SAMSUNG SDS GLOBAL SCL AMERICA, INC., SAMSUNG SDI CO, LTD AND SARITEK TECHNICAL SOLUTIONS D/B/A ALPATRONIX, INC.'s, negligent acts in designing, manufacturing, marketing and/or selling the electronic devices with faulty mechanisms which easily overheated and caught on fire as described more thoroughly herein. Additionally, Defendant failed to adequately test and inspect the defective electronic devices before

EXHIBIT A

their sale and distribution to the public. Defendants owed a legal duty of care to Plaintiff and the public at large concerning the design, manufacture, marketing, and sale of the electronic devices. Because this propensity caused the underlying accident, Defendants breached its duty of care legally owed to Plaintiff. This breach was the proximate cause of this incident, the serious injuries sustained by Plaintiff, and Plaintiff's resulting damages.

## IX.
## GENERAL DAMAGES

21. Defendants' wrongful acts, neglect, omissions, and carelessness are the proximate and producing cause of this incident, the serious injuries sustained by Plaintiff, and Plaintiff's resulting damages, and Plaintiff resulting damages. As a result of Defendants' acts and omissions, Plaintiff has incurred damages, in the past, present and future, including but not limited to, physical pain, mental anguish, physical impairment, disfigurement, medical expenses, loss of earnings, lost wages, and loss of earnings capacity.

## X.
## EXEMPLARY DAMAGES
## (SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS AMERICA, INC., SAMSUNG SDS GLOBAL SCL AMERICA, INC., SAMSUNG SDI CO, LTD and SARITEK TECHNICAL SOLUTIONS D/B/A ALPATRONIX)

22. Plaintiff seeks exemplary damages caused by SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS AMERICA, INC., SAMSUNG SDS GLOBAL SCL AMERICA, INC., SAMSUNG SDI CO, LTD AND SARITEK TECHNICAL SOLUTIONS D/B/A ALPATRONIX, INC.'s malice, gross negligence and willful acts, omissions and gross negligence. Exemplary damages are sought under Section 41.003(a)(2) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as defined by Section 41.001(7). Plaintiff also seeks exemplary damages under Section 41.003(a)(3) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as defined by Section 41.001(11).

**EXHIBIT A**

## XI.
## PRE- AND POST-JUDGMENT INTEREST

23. Plaintiff would additionally say and show that they are entitled to recovery of pre- and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiff here and now sue for recovery of pre- and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

## XII.
## PRAYER

24. Plaintiff has suffered in the past and will suffer in the future bodily injuries as a result of the incident made the basis of this suit. Upon trial of this cause, Plaintiff will respectfully request the Court or jury to determine the amount of loss that Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry as a direct and proximate result of Defendants' negligence. There are certain elements of damages provided by law that Plaintiff is entitled to have the Court or jury in this case consider determining the sum of money, for each element, that will fairly and reasonably compensate him for their injuries, damages and losses incurred in the past and to be incurred in the future.

25. Plaintiff believes that a fair and reasonable assessment of the damages and losses sustained as a result of Defendants' acts, omissions and/or conduct is within the jurisdictional limits of this Court.

26. Under Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to state the amount of monetary relief sought. Plaintiff believes each element of damage referenced above and sought by Plaintiff is solely within the sound discretion of the jury and will rely on the jury to determine the amount of damages to be awarded to Plaintiff. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, and in order to comply with the Rule only, Plaintiff shall ask the jury

**EXHIBIT A**

to award more than $250,000.00 in the aggregate for all elements of recovery. Notwithstanding this required Rule 47 disclosure, the Plaintiff relies upon the good judgment of the jury. Plaintiff reserves the right to amend this amount prior to trial.

Respectfully submitted,

**GOMEL & ASSOCIATES, P.C.**

By: _____
Corey Gomel
State Bar No. 08115150
Dominique Bartholet
State Bar No. 24034335
1177 West Loop South, Suite 1400
Houston, Texas 77027
(713) 961-7777 Telephone
(713) 961-7773 Facsimile
dbartholet@713abogado.com
ATTORNEYS FOR PLAINTIFFS

**DESIGNATED E-SERVICE EMAIL ADDRESS**
The following is the designated electronic service email addresses for Plaintiff's attorney(s) for all electronically served documents and notices, filed and unfiled, pursuant to the Tex. R. Civ. P. 21(f)(2) and 21(a): silvia@713abogado.com and alma@713abogado.com. Please be advised, this is the ONLY electronic service email addresses for the above-referenced Plaintiff's attorney(s). Service through any other email address will be considered INVALID.

**EXHIBIT A**